UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRANCIS X. DUMONT,<br><br>                      Plaintiff,<br>    v.<br>LEO A. DALY COMPANY,<br><br>                      Defendant. | Case No. 2:16-cv-02864-APG-PAL<br><br>ORDER<br><br>(Mot Cont Disc – ECF No. 32) |

Before the court is Plaintiff's Motion to Continue Discovery Period (ECF No. 32). The court has reviewed the motion, defendant's Response (ECF No. 34), and plaintiff's Reply (ECF No. 35).

Counsel for plaintiff requests a 30-day extension of the discovery cutoff to depose a number of fact witnesses who reside in Texas or Nebraska, and defendant's rebuttal expert, whose report was due August 25, 2017. He argues the need for out-of-state travel and his busy schedule in the next month leave insufficient time to schedule and complete the discovery needed.

Defendant opposes the motion arguing it declined to stipulate to a request for a 60-day extension because plaintiff chose to wait until 30 days before close of discovery to conduct any fact discovery, and did not request information regarding defendant's employee witnesses, available dates, or notice any depositions until August 25, 2017 despite stating on June 2nd he would soon be noticing depositions and prosecuting this case. Defendant asserts plaintiff's counsel has failed to timely and diligently prosecuted this case. However, if the court is inclined to grant a 30-day extension, defendant requests that no further extensions be allowed.

Plaintiff replies that he has not missed any deadlines and requested the extension with one month remaining to complete discovery.

Having reviewed and considered the matter, the court is not satisfied plaintiff's counsel has been diligent in attempting to complete discovery within the time allowed. Defendant is correct that in the Ninth Circuit, to prevail on a request for an extension, a party must show good cause which focuses primarily on the movant's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F 2d 604, 608-09 (9th Cir. 1992). Although lack of prejudice to opposing parties may justify an additional reason to grant an extension, the focus is on the moving party's diligence, and ordinarily in the absence of diligence "the inquiry should end." *Id*. at 609. The court will reluctantly grant a 30-day extension of the discovery cutoff to depose witnesses in Texas and Nebraska and defendant's rebuttal expert. However, no further extensions will be allowed.

**IT IS ORDERED** that Plaintiff's Motion to Continue Discovery Period (ECF No. 32) is **GRANTED** as follows**:**

1. The discovery cutoff is extended to September 25, 2017.
2. The deadline for filing pretrial motions is extended until October 25, 2017.
3. The deadline for filing the joint pretrial order is extended until December 26, 2017. In the event dispositive motions are timely filed the deadline for filing the joint pretrial order is suspended until 30 days after decision of dispositive motions.
4. No further extensions will be allowed.

DATED this 30th day of August, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE